[No. 1682. Decided June 11, 1895.]

EMILY A. SHUMWAY, *Executrix, Respondent*, v. GEORGE F. ORCHARD *et al., Appellants.*

### MORTGAGE FORECLOSURE — PERSONAL JUDGMENT.

Under Code Proc., §§ 628, 630, the court is authorized, upon decreeing a foreclosure of a mortgage, to also direct the entry of a deficiency judgment, upon which execution may be levied against other property of the mortgagor for any balance due, when there is an express agreement to pay the sum of money secured by the mortgaged premises.

*Appeal from Superior Court, Pierce County.*

*John P. Hartman, Jr.,* and *A. R. Heilig,* for appellants.
*Thomas Carroll,* and *Hagerman & Carroll,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The main. question involved in this case is whether a personal judgment can be rendered against the makers of a note secured by their mortgage upon real estate at the time of the rendition of the decree of foreclosure upon such mortgage, so as to make such judgment a general lien upon all of the property owned by the mortgagors at the time of the entry of such decree or thereafter acquired.

It is contended by the appellants that, in an action of this kind to foreclose their mortgage, no personal judgment could be rendered against the makers of the mortgage in the first instance, but only a decree. finding the amount due on the debt secured by the mortgage, which should be satisfied; first by the sale of the mortgaged property, and if that be insufficient, then by levy upon and sale of such property of the defendant as may be found subject to execution; that the execution issued to enforce the decree gives the officer no authority over the other property of the defendant whatever; in fact, that the court has no power to issue execution to sell any of the defendant's other property until the mortgaged property is first sold; that no deficiency judgment can be rendered before the return. of the sale of the mortgaged property, because the court has no way of determining what that deficiency is or may be.

This contention is contrary to the decision of the territorial court in *Hays v. Miller,* 1 Wash. T. 143; but outside of any influence which that decision might have upon the court as it is now organized, we are of the opinion that the statute, reasonably construed, gives the power to the court to render judgment for the deficiency at the same time that the decree of foreclosure is awarded in cases where there is an express

agreement to pay the sum of money secured by the mortgaged premises. Sec. 628 of the Code of Procedure provides that

"When there is an express agreement for the payment of the sum of money secured contained in the mortgage or any separate instrument, the court shall direct in the decree of foreclosure that the balance due on the mortgage, and costs, which may remain unsatisfied after the sale of the mortgaged premises, shall be satisfied from any property of the mortgaged debtor."

It would seem that the enactment of this section was for the express purpose of making a distinction between the power of the court where there was an express agreement to pay in a separate instrument and where there was no such separate agreement.

Sec. 630 provides, among other things, that "the sheriff shall indorse upon the execution the time when he receives it, and he shall thereupon forthwith proceed to sell the mortgaged premises, or so much thereof as may be necessary to satisfy the judgment, interest and costs, upon giving the notice prescribed. . . . And if any part of the judgment, interest and costs remain unsatisfied, the sheriff shall *forthwith* proceed to levy upon any property of the defendant not exempt," etc. It seems to us that this language is plain and unequivocal. If it be the duty of the sheriff *forthwith* to levy upon other property, when it is ascertained upon the sale of the mortgaged property that a part of the judgment remains unsatisfied, it assuredly precludes the idea of making any return to the court and obtaining a judgment of the court based upon such return. It is not a subsequent execution which the law speaks of in this section, but it is evidently the execution which the sheriff already has in his hands, the only execution upon which he could forth-

with make an additional levy. Neither do we think that this is an unwise provision of the statute, as it enables the court in one proceeding to do that which otherwise would necessitate the expense of two. But, whatever may be its policy, we think the statute is not susceptible of two constructions, and that the action of the court was justified by the law governing the proceeding.

Another proposition stated by appellants is that there could be no personal judgment entered in this case against defendant Pyfer. Defendant Pyfer purchased the mortgaged premises from defendants Orchard and wife, and took a deed therefor warranting the title except as to certain mortgages, including plaintiff's mortgage. In this deed the following agreement is made: "Which mortgage the said second party hereby assumes and agrees to pay." The appellants insist that the acceptance of this deed by defendant Pyfer did not make him personally liable for the debt, and that in default of its payment he could not be sued for the whole of the mortgage. This is alleged as error in the brief of the appellants, but they do not argue it in their brief or orally, devoting the entire argument to the other proposition which we have discussed. Neither do they cite any authority to sustain the position. In the absence of argument or authority, this court will not feel justified in investigating that proposition.

The judgment will therefore be affirmed.

HOYT, C. J., and ANDERS, SCOTT and GORDON, JJ., concur.