[No. 2836.   Decided June 3, 1898.]

W. P. FULLER & Co. *et al., Appellants,* v. AURELIUS B. HULL, *Trustee, Respondent.*

FORECLOSURE OF MORTGAGE — JUDGMENT LIEN — TRANSCRIPT — EXECU-
TION FOR DEFICIENCY.

Under Code Proc., § 449, providing that a judgment lien shall attach from the date of judgment, if a transcript thereof be filed in the county auditor's office within twenty days, a decree of foreclosure becomes a lien upon the mortgagor's general realty for any deficiency after sale of the mortgaged premises from the day of its rendition, in case a transcript of the decree is filed within twenty days thereafter.

Where a general execution has been issued upon a decree of foreclosure, it will be presumed, in the absence of proof to the contrary, that the mortgaged premises were duly sold and the special writ therefor returned.

Under Code Proc., § 449, providing that the transcripts of judgments shall contain "the names at length of all the parties," it is necessary to include only the names of parties against whom a money judgment is rendered.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge.   Affirmed.

*Sharpstein & Blattner,* for appellants.

*Murry & Scott,* for respondent.

The opinion of the court was delivered by

GORDON, J.—On the 23d of March, 1893, a judgment was entered in the superior court of Pierce county against Samuel Bertelson and Anna M. Bertelson for $2,970, with interest and costs, and a decree rendered foreclosing a

mortgage given by them on certain real property, not the subject of this action. At the date of the rendition of such judgment and decree the Bertelsons also owned other real estate in said county, and on the 28th day of March, 1893, by their deed of warranty conveyed the premises here in controversy to Robert D. Duff and Alexander Bain. On the 12th of April, 1893, a transcript of the judgment entered in the foreclosure suit was filed and recorded in the office of the county auditor. On the 10th of June, 1893, Duff and Bain, their wives joining with them, executed a mortgage to the Tacoma Lumber & Mfg. Co. upon the premises involved in this action, to secure their promissory note in the sum of $1,543.71. Thereafter, the last mentioned mortgage was foreclosed and the premises sold to C. A. Plummer, who subsequently assigned his certificate of purchase to the appellants herein. On May 8, 1895, the respondent, assignee of the judgment creditor, caused a writ of execution to issue out of said court for a balance on said judgment amounting to $2,127.12. Under this execution the sheriff levied upon and sold the premises here in controversy and the respondent became the purchaser at such execution sale.

Appellants brought this action under § 529, 2 Hill's Code (Bal. Code, § 5500) to determine the title to the premises so sold and, the cause having been tried upon documentary evidence in the court below, judgment was rendered against them, and thereupon they appealed.

The first contention is that the judgment under and through which respondent claims was not a lien upon the premises in question at the time of the conveyance to Duff and Bain on March 28, 1893. It is admitted that a transcript of the judgment was filed with the auditor within twenty days after the judgment was rendered, and this

being true it follows that the contention is fully answered by § 449, 2 Hill's Code, which provides that

"The lien shall attach from the day of the date of said judgment, *if the said transcript shall have been filed within the said twenty days.*"

It is next urged that a judgment against mortgagors rendered in a decree of foreclosure does not become a lien upon the general property of the judgment debtors until after the mortgaged premises are exhausted and then only in the event that there is a deficiency. The position is not well taken. *Hays v. Miller*, 1 Wash. T. 143; *Shumway v. Orchard*, 12 Wash. 104 (40 Pac. 634); *Fletcher v. Holmes*, 25 Ind. 458. Appellants also urge that no general writ of execution can issue in any event until after a sale of the mortgaged premises and a return of the special writ. It is not necessary to determine that question, for there is nothing here to show that the general execution did issue before the sale of the mortgaged premises, and in the absence of proof to the contrary the presumption of regularity must obtain. In the present case the large credit upon the judgment, which appears from the general execution to have been made, strengthens the presumption that the mortgaged premises were duly sold and the proceeds credited.

The final contention is that the transcript of the judgment through which the respondent claims did not comply with the provisions of § 449, *supra,* in that it did not contain "the names at length of all the parties." It does, however, appear that the names of Samuel Bertelson and Anna M. Bertelson were shown by the transcript. They were the mortgagors and the only persons against whom a money judgment was rendered. No personal claim of any character was made against the other parties to the action, and it was not necessary that their names should have appeared upon the transcript.

Perceiving no error in the record the judgment of the superior court is affirmed.

DUNBAR and REAVIS, JJ., concur.

ANDERS, J., not sitting.