[Civil No. 2489.   Filed June 17, 1926.]

[247 Pac. 132.]

BANK OF DOUGLAS, a Corporation, Appellant, v. ELLEN C. NEEL, WALTER H. NEEL and LOTA NEEL, His Wife, Appellees.

1. MORTGAGES.—Under Civil Code of 1913, paragraphs 554, 1359, 3630, 3633, 4116, 4119, technically there is no "deficiency judgment" for amount not made by sale under special execution, but one judgment for full amount of debt being docketed by clerk on foreclosure of mortgage.

2. MORTGAGES.—Mortgagee may waive lien and recover simple judgment on indebtedness, but if foreclosure is asked, he must first issue special execution and exhaust mortgaged property before levying on other property under general execution (Civ. Code 1913, par. 4115).

3. MORTGAGES — JUDGMENT FOR TOTAL INDEBTEDNESS IN MORTGAGE FORECLOSURE SUIT IS LIEN ON ALL OF JUDGMENT DEBTOR'S REALTY FROM DATE OF DOCKETING, THOUGH THERE HAS BEEN NO ACTION UNDER SPECIAL EXECUTION NOR ASCERTAINMENT OF POSSIBLE DEFICIENCY (CIV. CODE 1913, PARS. 3630, 3633).—Notwithstanding requirement that mortgagee asking foreclosure issue special execution and exhaust mortgaged property before levying on other property under general execution, judgment for total indebtedness is lien on all of debtor's realty from date of docketing, under Civil Code of 1913, paragraphs 3630, 3633, though there has been no action under special execution and amount of possible deficiency has not been ascertained.

4. MORTGAGES—SECOND EXECUTION, ISSUED BEFORE RETURN OF FIRST EXECUTION ON JUDGMENT FOR MORTGAGE INDEBTEDNESS IN FORECLOSURE SUIT, IS MERELY VOIDABLE, AS GENERAL EXECUTION MAY BE ISSUED WITHOUT FURTHER JUDGMENT IF MORTGAGED PROPERTY DOES NOT PAY JUDGMENT (CIV. CODE 1913, PAR. 4119).—In view

of Civil Code of 1913, paragraph 4119, authorizing general execution without further judgment in mortgage foreclosure suit on sheriff's return of special execution, if mortgaged property does not pay judgment for amount of indebtedness, second execution, issued while first is outstanding, is not void, but merely voidable.

5. MORTGAGES — MOTION TO QUASH VOIDABLE EXECUTION SHOULD BE DENIED WHERE MATTER CAUSING ITS ORIGINAL ISSUANCE TO BE IRREGULAR HAS BEEN REMOVED, AS WHERE DEFICIENCY ON ORIGINAL JUDGMENT FOR MORTGAGE INDEBTEDNESS APPEARS AFTER RETURN OF SPECIAL EXECUTION (CIV. CODE 1913, PAR. 4119).—Where it appears on hearing of motion to quash a voidable execution, such as general execution issued while special execution is outstanding, that matter causing its original issuance to be erroneous or irregular has been removed, as where deficiency on original judgment for mortgage indebtedness in foreclosure suit after return of special execution appears, so that general execution would lie under Civil Code of 1913, paragraph 4119, motion to quash second execution should be denied.

---

See (1) 27 **Cyc.**, p. 1752, n. 76, p. 1760, n. 37.   (2) 27 **Cyc.**, p. 1275, n. 46, p. 1761, n. 48.   (3) 27 **Cyc.**, p. 1757, n. 11.   (4) 27 **Cyc.**, p. 1761, n. 48.   (5) 23 **C. J.**, p. 537, n. 57; 27 **Cyc.**, p. 1761, n. 48.

APPEAL from a judgment of the Superior Court of the County of Cochise.   Albert H. Sames, Judge. Judgment reversed, with instructions.

Messrs. Knapp, Boyle & Pickett, for Appellant.

Mr. W. G. Gilmore, for Appellees.

LOCKWOOD, J.—On the ninth day of July, 1925, the Bank of Douglas, hereinafter called plaintiff, recovered judgment in the superior court of Cochise county against Ellen C. Neel, Walter H. Neel and Lota Neel, his wife, hereinafter called defendants, in the sum of $62,300, with interest at the rate of eight per cent thereon from certain dates specified in the judgment, together with $6,230 attorneys' fees, with six per cent interest thereon, and for its costs.   The judgment further recited that, to secure the payment of such sums, the defendants had executed a mortgage on certain real and personal prop-

erty in favor of plaintiff, and it was ordered that the mortgage lien on said property be foreclosed, and that a special execution and order of sale issue, and the property be sold according to law.

On the eleventh day of July, a special execution was issued directing the sale of the mortgaged property to satisfy the judgment aforesaid, and providing that if the property should not sell for enough to satisfy the judgment any balance thereof should be made out of the other property of defendants. The sheriff proceeded to sell the mortgaged property according to law, the personal property being sold July 28th, and the real estate August 10th. On the 23d of July the plaintiff had issued a general execution against the defendants, which was placed in the hands of the sheriff and a levy made thereunder on the same day on certain range cattle of the defendants, not covered by the mortgage. August 10th defendants filed a motion to quash the general execution on the ground that the special execution was still outstanding, and that no return had been made thereon, and that there was no deficiency judgment in the action, either then or when the general execution was issued. August 11th the sheriff made his return on the special execution, such being the earliest day upon which it could have been made properly, showing that after deducting the costs of the sale of the property and applying the balance of the proceeds of the sale on the satisfaction of the judgment, there remained a deficiency on the judgment above set forth of $8,953.54.

The motion to quash came on for hearing before the court on the third day of October, and it was ordered that the general execution be quashed and the levy made thereunder set aside and vacated. From said order plaintiff has appealed to this court.

The single assignment of error in effect presents one legal proposition: That the court erred in quash-

ing the general execution and vacating the levy for the reason that at the time the order was made the sheriff's return on the special execution showed a deficiency on the judgment, and, the reason which made the issuance of the general execution irregular having ceased, the latter was of full life and vitality and should have been sustained.

It is admitted to be the general principle of law that, when one execution is outstanding upon a judgment, a second one may not be properly issued, for the reason that until the first writ be returned it cannot be said there will not be satisfaction in full thereunder, and therefore the second execution will be quashed on motion. It is contended, however, by plaintiff that there is an exception to this rule, to the effect that even though a second execution be erroneously issued, it is not absolutely void, but merely voidable, and if when a motion to quash the second is passed on the reason which would have prevented its original issuance has ceased, and it would then be proper to issue it, the court should uphold it.

In order to determine this question it will be necessary to review to some extent the statutes of Arizona relating to judgments on foreclosure of a mortgage, the docketing thereof, and the method of proceeding thereunder. We quote from the pertinent sections of the Civil Code of 1913:

Paragraph 554 reads as follows:

"554. Judgments for the foreclosure of mortgages and other liens shall be that the plaintiff recover his debt, damages and costs, with a foreclosure of the plaintiff's lien on the property subject thereto, and (except in judgments against executors, administrators and guardians) that a special execution shall issue to the sheriff or any constable of the county where such property may be, directing him to seize and sell the same as under execution, in satisfaction of the judgment; and if the property

cannot be found, or if the proceeds of such sale be insufficient to satisfy the judgment, then to make the money, or any balance thereof remaining unpaid out of any other property of the defendant, as in case of ordinary executions.''

Paragraph 4116 provides:

''4116.   When a mortgage or deed of trust is foreclosed, the court shall render judgment for the entire amount found to be due, and must direct the mortgaged property, or so much thereof as is necessary, to be sold to satisfy the same, with interest and costs.   An execution shall issue accordingly, and the sale thereunder shall be subject to redemption as in cases of sale under execution.''

After the rendition of judgment it is the duty of the clerk of the court to docket such judgment under the provisions of paragraph 3630, quoted below:

''3630.   At the time of entering judgment in the superior court of any county of this state, directing in whole or in part the payment of money, the clerk of such court shall enter in a judgment docket arranged alphabetically, to be provided by the county and kept by him, a docket of such judgment containing:

''(1) The names in full of each judgment debtor as shown by the record.

''(2) The names of the judgment creditors as shown by the record.

''(3) The name of the attorney for the judgment creditor as shown by the record.

''(4) The hour and date of entering judgment.

''(5) The amount of the debt, damages or other sum of money recovered, with the amount of costs.

''(6) If the judgment be against several persons it shall be redocketed under the name of each person against whom the judgment was rendered, in the alphabetical order of their names, each docket record to contain the names of all the persons against whom judgment was rendered.''

And such judgment becomes a lien on all the real property of the judgment debtor under the provisions of paragraph 3633. It will be noted that the judgment thus docketed is for the full amount of the debt secured by the mortgage.

When the special execution provided for in paragraphs 554 and 4116, *supra,* is returned, paragraph 1359 states:

"When the execution is returned the clerk must note on the judgment-book the amount made by the officer, and to whom paid, and attach the execution to the judgment-roll."

If the mortgaged property is insufficient to satisfy the judgment, the creditor's remedy is provided for by paragraph 4119, which is as follows:

"4119. If the mortgaged property does not sell for sufficient to satisfy the execution, an execution may be issued for the balance against the mortgagor in all cases where there has been personal service or the defendant has appeared in the action, unless the parties have stipulated otherwise."

It will be seen by a careful examination of these sections that there is but one judgment docketed by the clerk in case of foreclosure of a mortgage given as security for a debt, and it is for the full amount of the debt. As ancillary thereto, if the complaint requests it, there is an order for foreclosure of the mortgage lien, and that a special execution issue for the sale of the mortgaged property. The statute then provides that upon the return of the special execution and a credit being made on the judgment docket by the clerk of the amount made thereby, if the mortgaged property did not bring enough to satisfy the judgment, a general execution may be issued for the balance due in all cases where there has been personal service on the defendant or he has appeared in the action.

Technically speaking, there is no such thing under our law as a "deficiency judgment" in the sense that a formal judgment of that description is rendered by the court, or entered by the clerk for the amount not made by the sale of the mortgaged property. There is only the original judgment for the full amount of the indebtedness, upon which a deficiency may exist after the issuance and return of the special execution, or even perhaps of one or more general executions in addition. It has nevertheless been customary in ordinary parlance to refer to the amount still due after the return of the special execution as a "deficiency judgment," and it was in this sense we used the phrase in the case of *Lewis* v. *Hornback,* 27 Ariz. 546, 237 Pac. 952.

It is of course true, as was stated in that case, that, under paragraph 4115, a plaintiff may either waive his mortgage lien and recover a simple judgment on the indebtedness, in which case he could immediately issue a general execution with all the rights and disabilities that would give him, or he may if he so desire ask for a foreclosure of the mortgage. In either case the same general judgment for the total indebtedness is rendered, but if a foreclosure of the mortgage is asked plaintiff must first issue his special execution and exhaust the mortgaged property before he can levy on other property under a general execution. *Lewis* v. *Hornback, supra.*

Notwithstanding this requirement, the judgment is from the date of its docketing a lien on *all* real estate of the judgment debtor, even though there has been no action under the special execution and the amount of any possible deficiency has not been ascertained. Sections 3630, 3633, Rev. Stats. Ariz. 1913, Civ. Code; *Fuller & Co.* v. *Hull,* 19 Wash. 400, 53 Pac. 666; *Shumway* v. *Orchard,* 12 Wash. 104, 40 Pac. 634.

There was, therefore, a valid personal judgment existing against defendants at the time of the issuance of the general execution under which such an execution could properly have been issued, were it not for the fact that the statute requires the mortgaged property first to be exhausted. The statute, however, is equally clear to the effect that if the mortgaged property does not pay the judgment a general execution may then issue without any further judgment being rendered by the court, the only showing required being that of the sheriff's return on the special execution. We think that under this state of the law, the rule laid down in *Doe ex rel. Mace* v. *Dutton*, 2 Ind. 309, 52 Am. Dec. 510, to the effect that the second execution was not void, but merely voidable, is the correct one, and consonant with the principles of justice and equity.

When the case came before the court for hearing on the motion to quash, it was apparent there was a deficiency on the original judgment, and that a general execution would then lie. We think the better rule of law to be that where on the hearing of a motion to quash a voidable execution it appears the matter which caused its original issuance to be erroneous or irregular has been removed, the motion to quash should be denied and the execution and levy made thereunder should stand.

The judgment of the superior court of Cochise county is reversed and the cause remanded, with instructions to deny the motion to quash the general execution and the levy thereunder, and for such further proceedings as are not inconsistent with this opinion.

McALISTER, C. J., and ROSS, J., concur.