[Civil No. 3712. Filed February 10, 1936.]

[54 Pac. (2d) 800.]

JOHN KRESOS and HELEN KRESOS, Husband and Wife, Appellants, v. Y. C. WHITE, Superintendent of Banks of the State of Arizona and Ex-officio Receiver of Old Dominion Bank, an Arizona Banking Corporation, Insolvent, Appellee.

Mr. A. R. Edwards, Mr. L. M. McKinley, Mr. Charles E. McDaniel and Mr. James E. Flynn, for Appellants.

Mr. John L. Sullivan, Attorney General, and Mr. Allan K. Perry and Mr. Evo De Concini, Assistants Attorney General, for Appellee.

ROSS, J.—The defendants, John and Helen Kresos, gave to the Old Dominion Bank, on August 27, 1931, their promissory note for $1,000, bearing interest at 10 per cent. payable one year after date, and to secure it made and delivered to the bank their mortgage on an undivided one-third interest in lot 607, block 30, of the original town site of Miami. April 15, 1932, the Old Dominion Bank went into insolvency and was taken over for liquidation by the state superintendent of banks. Thereafter, on January 30, 1935, the defendants having defaulted in the payment of said note, the said superintendent of banks brought this action to collect the note and to foreclose the mortgage and asked for a deficiency judgment in case the property sold for less than enough to satisfy the debt, costs, and expenses.

The defendants filed an answer in which they admitted the allegations of the complaint, but averred that the value of the mortgaged property had depreciated, due to conditions over which they had no control, but that sufficient value remained to pay the mortgage debt. The answer also denied the plaintiff's right to have a deficiency judgment, for the reason that when the note and mortgage were executed, the property was worth over $5,000 and any

depreciation since was not caused by any act of defendants.

The court gave judgment to the plaintiff on the pleadings for the balance due on note, interest, costs and attorney's fees; ordered that the mortgage be foreclosed and the property sold under special execution, and that, if an insufficient amount be realized to pay the judgment, interest, costs, and expenses, the plaintiff have a deficiency judgment against the defendants and a general execution thereon.

The defendants have appealed, contending that it was error to give plaintiff a deficiency judgment against them. For their position they rely on chapter 88, Laws 1933, passed and approved March 18, 1933. (This chapter was referred and by popular vote approved and thereafter, on October 28, 1933, proclaimed by the Governor to be a law.) The above chapter is an amendment of section 2324, Revised Code of 1928. In effect, it takes away from a mortgagee or his assigns any right to collect from the mortgagor or defendant anything beyond what is realized out of the mortgaged property, unless the plaintiff is able to show at the trial that the value of the property when the note and mortgage were executed was not in excess of the amount remaining due on note or that depreciation, if any, in the value of the property was caused by some act of defendant or the original mortgagor. If the plaintiff is able to prove that the value of the property did not at the time of giving the mortgage exceed the debt, or that any depreciation it suffered was caused by the act of the defendant or the mortgagor, he may have a deficiency judgment for the difference between the property's value when the mortgage was given and the amount due on the note. The practical effect of this statute is to do away with deficiency judgments.

Before its enactment and at the time of the making of mortgage herein, the law of the state allowed the mortgagee or his assigns, on foreclosure, to have general execution for any balance left after applying to the judgment whatever was realized upon the sale of the property under special execution.

Section 2327, Revised Code of 1928, so far as pertinent reads:

"If the mortgaged property does not sell for sufficient to satisfy the judgment, an execution may be issued for the balance against the mortgagor where there has been personal service, or the defendant has appeared in the action."

In *Bank of Douglas* v. *Neel,* 30 Ariz. 375, 247 Pac. 132, 134, this and related provisions of the law were construed. We there said:

"Technically speaking, there is no such thing under our law as a 'deficiency judgment' in the sense that a formal judgment of that description is rendered by the court, or entered by the clerk for the amount not made by the sale of the mortgaged property. There is only the original judgment for the full amount of the indebtedness, upon which a deficiency may exist after the issuance and return of the special execution, or even perhaps of one or more general executions in addition. It has nevertheless been customary in ordinary parlance to refer to the amount still due after the return of the special execution as a 'deficiency judgment,' and it was in this sense we used the phrase in the case of *Lewis* v. *Hornback,* 27 [28] Ariz. 546, 237 Pac. 952."

When the bank advanced to the defendants $1,000 and accepted their note for that amount and a mortgage on their real property as security for its payment, the law was that, if the mortgaged property failed to bring enough to pay the debt, the mortgagee could have a general execution against the defendants or the makers of the note and mortgage for any bal-

ance. This law was a part of the contract and binding upon both of the parties thereto. In other words, the right to a deficiency judgment was a vested right under the contract, and, if chapter 88, *supra,* be upheld as to contracts entered into before it became effective, it would impair the contract and violate not only section 10, article 1 of the Constitution of the United States, but also section 25, article 2 of the Constitution of this state reading:

"No bill of attainder, *ex post facto* law, or law impairing the obligation of a contract, shall ever be enacted."

Of a similar situation, in *Bennett* v. *Superior Court of Los Angeles County,* 5 Cal. App. (2d) 13, 42 Pac. (2d) 80, hearing denied by Supreme Court, it was said:

"The substantive right of the beneficiary under the trust deed to be repaid the entire amount of the indebtedness had accrued before the section cited became effective, and the regulation which it contemplates could not be construed as having entered into the dealings between the parties when the contract was made. The operation of the statute in the circumstances is far more than procedural.

"The statute attempts to so affect the contract that only a portion of the indebtedness may be recovered notwithstanding the borrower of the money may well be able to pay in full. This certainly impairs the obligation of contracts. Article 1, § 16, Const. of California; art. 1, § 10, Const. of United States.

"The petitioner is not assisted by the doctrine so ably expounded in *Home Building & Loan Assn.* v. *Blaisdell,* 290 U. S. 398, 54 Sup. Ct. 231, 78 L. Ed. 413, 88 A. L. R. 1481, wherein the payment was deferred and not nullified. The following quotation from *Worthen Co.* v. *Thomas,* 292 U. S. 426, 54 Sup. Ct. 816, 818, 78 L. Ed. 1344, 93 A. L. R. 173, decided since the Blaisdell case, more nearly applies to the instant situation: ' . . . This essential reserved power of the State (the police power) must be construed in har-

mony with the fair intent of the constitutional limitation, and that this principle precluded a construction which would permit the State to adopt as its policy the repudiation of debts or the destruction of contracts or the denial of means to enforce them.' "

This case was followed in *Bechtel* v. *Nelson*, 10 Cal. App. (2d) 66, 51 Pac. (2d) 99.

In *Langever* v. *Miller*, 124 Tex. 80, 76 S. W. (2d) 1025, 96 A. L. R. 836, is found a very exhaustive discussion of a statute taking from the mortgagee the right to a deficiency judgment for any balance after the foreclosure and sale of the mortgaged property. It was there held that laws granting substantial rights and remedies, and existing at the time a contract is made, become a part of such contract and that the rights thereunder acquired cannot constitutionally be taken from the mortgagee or his assigns.

The judgment of the lower court is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.