[Civil No. 3715. Filed July 15, 1936.]

[59 Pac. (2d) 326.]

W. S. BONTAG and MELIA F. BONTAG, His Wife, Appellants, v. MARY H. McCURDY, Appellee.

Messrs. Favour & Baker and Mr. A. M. Crawford, for Appellants.

Mr. A. Van Wagenen, Jr., for Appellee.

McALISTER, J.—On November 2, 1929, the defendants, W. S. Bontag and Melia F. Bontag, his wife, executed and delivered to Henry Bamesberger and Mary E. Bamesberger, husband and wife, their three promissory notes of $1,000 each, bearing interest at seven per cent. payable, respectively, three, four and five years after date, and on January 14,

1930, secured their payment by executing and delivering to the payees their mortgage on eighty acres of land located in Pinal county, Arizona. On January 29, 1930, the Bamesbergers sold and assigned their interest in and to the three notes and the mortgage to the plaintiff, Mary H. McCurdy, who in July, 1934, brought this action to collect the notes and foreclose the mortgage, the defendants having defaulted in their payment. In her complaint she alleges that through the failure of the defendants to pay the taxes on the property it had become burdened with tax liens superior to her mortgage lien and through no fault of hers but due to the neglect of the defendants to keep the property in repair had so depreciated in value since the giving of the mortgage that it would not then sell for a sufficient amount to satisfy the sums due under the notes and mortgage, and that in consequence of this a deficiency judgment for the sums due after the sheriff makes return of sale will be necessary to protect fully the contractual and legal rights of the plaintiff, and she prays that such deficiency judgment be awarded her.

The defendants answered, admitting the execution and delivery of the notes and mortgage but denied that through the failure to pay the taxes or to keep it in good repair the property had depreciated in value, that it will not sell for a sufficient amount to satisfy the sum due under the notes and mortgage, or that a deficiency judgment will be necessary to protect fully the contractual and legal rights of the plaintiff.

Judgment for $3,872.48 in principal, interest, attorney's fees and costs was awarded the plaintiff and included therein was an order directing that the property be sold to satisfy this sum, and, in case the monies arising therefrom were insufficient for this

purpose, that the sheriff specify in his return the amount of such deficiency and that the clerk upon the filing of this return docket a judgment for such balance against the defendants, for which plaintiff could have execution.

The defendants have appealed from that part of the judgment awarding the plaintiff a deficiency judgment in the event the monies received from the sale of the property were not sufficient to pay the amount due the plaintiff. It is their contention that the judgment was erroneous in this respect, for the reason that under chapter 88, Session Laws of 1933, passed in March of that year and later approved by a vote of the people, relief of this character shall not be given under the circumstances which confronted the court in this case. This act is an amendment of section 2324, Revised Code of 1928, and the effect of it is to deprive a mortgagee, or his assigns, of the right to collect from the mortgagor, or the defendant, anything beyond the amount realized from the sale of the mortgaged property, unless the plaintiff shall

"prove on the trial that at the time the note and mortgage, or deed of trust, were executed the real property was not of a value in excess of the amount remaining due on the note or that the depreciation in value was caused by some act of the defendant or the original mortgagor, and the question of such value shall be a question of fact. If the court or a jury selected to try the action finds that the plaintiff has failed to establish such fact, then the judgment shall state that no deficiency can be had against the defendant should the sale of the real property not be sufficient to satisfy the amount of the note and mortgage, or deed of trust, or other sums mentioned in said mortgage or deed of trust. When such value is contested and judgment is in favor of the plaintiff, then the court or the jury shall find the value of the real property at the time the mortgage or deed of trust was given, and the plaintiff shall not be en-

titled to a deficiency judgment for an amount greater than the difference between the value so found and the amount due on the note and mortgage, or deed of trust.''

The effect of this provision is to deny a deficiency judgment to a plaintiff who is unable to show at the trial that the value of the property at the time the note and mortgage were given did not exceed the amount remaining due on the note, or that the depreciation in its value, if any, was brought about by the act of the original mortgagor, or the defendant, though it does give one who is able to make this proof a right to such a judgment, representing the difference between the property's value when the mortgage was given, as found by the trier of that fact, and the amount remaining due on the note. The trial court, however, made no finding in this case as to the value of the property at the time the mortgage, which secured four other notes of $1,000 each, was given and, in consequence of this, there was no data from which the difference between the value of the property on January 14, 1930, and the amount remaining due at the time of the trial might be ascertained. This being true, the defendants contend that the judgment should have stated that the plaintiff could have no deficiency judgment against the defendants. It is unnecessary, however, to discuss whether the proper steps were taken at the trial to entitle the defendants to such a judgment, because the statute as it existed at the time the notes and mortgage in this case were given and, in fact, up to October 28, 1933, when chapter 88, *supra,* was proclaimed by the Governor to be law, gave the mortgagee and his assigns, when foreclosing, the right to a general execution for any balance due after the amount realized from the sale of the property under special execution had been

applied on the judgment, section 2327, Revised Code of 1928, and the contention of the plaintiff that this chapter deprives her of this right and, therefore, impairs the obligation of her contract is sound and must be upheld. It is clear that the effect of this act, since the proof it requires of the plaintiff to entitle him to such relief cannot frequently be made, is to do away with deficiency judgments in many mortgage foreclosures.

The precise matter presented by this appeal was determined by this court in February of this year and it is unnecessary to do more than refer to the case in which it was decided, *Kresos* v. *White,* 47 Ariz. 175, 54 Pac. (2d) 800, 802. That was an action in which Y. C. White, as superintendent of banks of Arizona and *ex-officio* receiver of the Old Dominion Bank, filed suit to foreclose a mortgage executed by John Kresos and wife on August 27, 1931, for $1,000. It was given the bank as security for a note in that sum and covered their interest in a lot in Miami, Arizona. The plaintiff asked for and was given a deficiency judgment. The defendants appealed, contending that under chapter 88 the court could not grant this relief. In sustaining the action of the trial court it was held by this court that this chapter, in so far as it applies to mortgages executed and delivered prior to its enactment is unenforceable, the following language being used:

"When the bank advanced to the defendants $1,000 and accepted their note for that amount and a mortgage on their real property as security for its payment, the law was that, if the mortgaged property failed to bring enough to pay the debt, the mortgagee could have a general execution against the defendants or the makers of the note and mortgage for any balance. This law was a part of the contract and binding upon both of the parties thereto. In other words, the right to a deficiency judgment was

a vested right under the contract, and, if chapter 88, *supra,* be upheld as to contracts entered into before it became effective, it would impair the contract and violate not only section 10, article 1, of the Constitution of the United States, but also section 25, article 2, of the Constitution of this state reading: 'No bill of attainder, *ex post facto* law, or law impairing the obligation of a contract, shall ever be enacted.' . . .

"In *Langever* v. *Miller,* 124 Tex. 80, 76 S. W. (2d) 1025, 96 A. L. R. 836, is found a very exhaustive discussion of a statute taking from the mortgagee the right to a deficiency judgment for any balance after the foreclosure and sale of the mortgaged property. It was there held that laws granting substantial rights and remedies, and existing at the time a contract is made, become a part of such contract and that the rights thereunder acquired cannot constitutionally be taken from the mortgagee or his assigns."

The judgment is affirmed.

LOCKWOOD, C. J., and ROSS, J., concur.