[No. 31942. Department Two. February 21, 1952.]

C. J. LASSEN, *Respondent*, v. W. H. CURTIS *et al.*,
*Appellants.*[1]

[1]Reported in 241 P. (2d) 210.

*Lynch & Lynch,* for appellants.

*Parr & Baker,* for respondent.

HAMLEY, J.—The single question presented is this: Where a decree awarding personal judgment for the balance due on a promissory note and foreclosing a chattel mortgage given to secure the note fails to make specific provision for a deficiency judgment, must the judgment creditor look only to the mortgaged property in satisfying the judgment?

C. J. Lassen gave W. H. Curtis a promissory note in the sum of one thousand dollars, covering the balance due on the purchase price of certain personal property. The note was secured by a chattel mortgage on the purchased property. Lassen later sought to rescind the contract for fraud, but the trial court entered judgment for Curtis and his wife, on their cross-complaint, for the balance due on the note. The judgment further ordered the foreclosure and sale of the mortgaged property, but did not specifically provide for a deficiency judgment. Neither party appealed from this judgment.

Partial satisfaction of defendants' judgment was obtained by proceedings which are not included in the record before us. On April 11, 1951, there remained unsatisfied the sum of $691.79. All of the mortgaged property had then been sold on execution, with the exception of a Universal chain saw, the value of which does not appear in the record. On that date, defendants caused a general execution to issue authorizing the sheriff to levy upon the Universal chain saw and against three items not covered by the mortgage. All of these items had apparently been the subject of a prior execution in connection with which plaintiff had delivered to the sheriff a five-thousand-dollar redelivery bond.

At the time fixed for the sale under the execution of April 11, 1951, plaintiff refused to deliver any of the specified items. Defendants then moved that plaintiff be found in default and in breach of the terms of the redelivery bond. Plaintiff countered with a motion to dismiss defendants' motion, on the ground that plaintiff was not required to produce any of the property covered by the redelivery bond until such time as all of the mortgaged property had been sold and disposed of and the amount of a deficiency judgment ascertained.

During the oral argument before the trial court on these motions, the additional question was raised as to whether defendants were, in any event, entitled to levy upon any property other than that covered by the chattel mortgage, in view of the fact that the decree did not expressly provide for a deficiency judgment. The trial court disposed of the motions by ruling in favor of plaintiff on this last question. The following order was thereupon entered (omitting the recitals):

"ORDERED, ADJUDGED AND DECREED that defendants' motion to order plaintiff in default and in breach of the terms of his redelivery bond be, and the same is hereby denied. It is further

"ORDERED, ADJUDGED AND DECREED that the defendants be, and they are hereby limited to the sale of the mortgaged property in satisfaction of the judgment heretofore entered, foreclosing the property contained in the mortgage foreclosure, there being no deficiency judgment. It is further

"ORDERED, ADJUDGED AND DECREED that upon the sale of the remainder of the mortgaged property, to-wit: one Universal Chain Saw, and upon the filing of the return of sale, that the judgment herein be, and the same shall be fully satisfied of record."

Defendants appeal from only the last two paragraphs of this order. The first paragraph of the order, denying the motion to adjudge respondent in default for refusal to deliver the property levied upon, therefore stands as the law of this case. Accordingly, we do not have before us the question which respondent initially raised relative to the right of appellants to levy upon property not cov-

ered by the mortgage before first selling all of the mortgaged property. However, it will be necessary to discuss this question at a later point in this opinion, as it relates to the other problems which are before us.

On the question of whether appellants are limited to the mortgaged property, in view of the failure of the decree to provide expressly for a deficiency judgment, both parties rely upon Rem. Rev. Stat., § 1114 [P.P.C. § 75-23], relating to the remedies of chattel mortgagees. This statute reads as follows:

"The mortgagee or holder of the lien may proceed upon his mortgage or lien, [or] if there be a separate obligation in writing to pay the same, secured by said mortgage or lien, he may bring suit upon such separate promise. When he proceeds on the mortgage, if there be a specific agreement therein contained for the payment of a certain sum, or there is a separate obligation for the said sum, in addition to a decree of sale of mortgaged property, judgment shall be rendered for the amount due upon said mortgage or other instrument, the payment of which is thereby secured. The decree shall direct the sale of the mortgaged property, and if the proceeds of said sale be insufficient under the execution, the sheriff is authorized to levy upon and sell other property of the mortgage debtor, not exempt from execution, for the sum remaining unsatisfied."

Appellants chose the first of the two remedies set out in the first sentence of this statute—they proceeded upon their mortgage lien. Since they held, in the form of a promissory note, a separate obligation for the sum due, appellants asked for and received, in addition to a decree of foreclosure, a personal judgment for the balance due upon the note. This was in accordance with the provisions of the second sentence of the above-quoted statute.

In conformity with the last sentence of this statute, the decree directs the sale of the mortgaged property. With these provisions in the judgment and decree, the sheriff was also authorized, under the last sentence of the statute, to levy upon and sell other property of the judgment debtor, if the proceeds of the sale of the mortgaged property were insufficient under the execution. Where, as here, the decree

awards a personal judgment for the amount of the separate agreement or obligation remaining due, there is no requirement, under this statute, that there also be an express provision for a deficiency judgment.

The only other statutes which have a bearing upon this problem are Rem. Rev. Stat., §§ 1119 and 1123 [P.P.C. §§ 75-9, -25], relating to the foreclosure of real-estate mortgages. These sections govern in actions for the foreclosure of chattel mortgages "so far as the same shall be applicable." Rem. Rev. Stat., § 1113 [P.P.C. § 75-21]. They provide, in essence, for the entry of a judgment over for any deficiency remaining unsatisfied after application of the proceeds of the sale of mortgaged property, and for execution to enforce the decree of foreclosure and judgment over. Such judgment over "shall be similar in all respects to other judgments for the recovery of money" (Rem. Rev. Stat., § 1120 [P.P.C. § 75-27]), and immediately becomes a lien upon all of the real property of the judgment debtor. *W. P. Fuller & Co. v. Hull*, 19 Wash. 400, 53 Pac. 666. It also subjects his personal property to levy in accordance with RCW 4.56.190. However, there may be no levy upon the other real and personal property unless the judgment remains unsatisfied after applying thereon the proceeds of the sale of the mortgaged property. Rem. Rev. Stat., §§ 1114, 1123.

In our opinion, a personal judgment for the amount due on a separate obligation entered as part of a decree of foreclosure of a mortgage given to secure such obligation, in effect amounts to a judgment over for the deficiency, within the meaning of these statutes.

In support of the contention that it was also necessary to include in the decree a specific provision for a deficiency judgment, respondent relies principally upon *Bradley Engineering & Mach. Co. v. Muzzy*, 54 Wash. 227, 103 Pac. 37.

In the *Bradley* case, it appears that the trial court had, in the original decree, awarded plaintiff a personal judgment on defendant's promissory note, foreclosed the chattel mortgage given to secure the note, and provided for a deficiency judgment. Afterwards, on motion for a new trial, the court

modified its decree by limiting the plaintiff to a foreclosure of its mortgage. The mortgaged property was sold and a substantial deficiency was left unpaid. Plaintiff then began a new action to recover this deficiency. The trial court entered judgment for the deficiency. This court reversed, holding that, while the plaintiff was entitled to a deficiency judgment, it should have been entered in the original action to foreclose the mortgage. Such having been plaintiff's right, we held that the proper remedy was by appeal from the decree denying a deficiency judgment, and not by the prosecution of another and independent action.

As previously noted, the original decree in the *Bradley* case provided for both a personal judgment on the note and a deficiency judgment, in addition to the decree of foreclosure. While it is not clearly disclosed in the opinion of the court, examination of the files indicates that the modified decree, thereafter entered, eliminated not only the provision for a deficiency judgment, but also the provision for personal judgment on the note. Hence the decree finally entered contained no provision for a personal judgment of any kind. In view of this circumstance, the *Bradley* case cannot be regarded as authority for the proposition contended for.

While the precise point before us has apparently not been dealt with by this court, there is language in *Codd v. Von Der Ahe*, 92 Wash. 529, 533, 159 Pac. 686, which lends support to the views expressed above. After referring to Rem. Rev. Stat., §§ 1119 to 1123 (then Rem. & Bal. Code), the court said:

"These provisions put it beyond question that a money judgment contained in a decree of foreclosure, is a final judgment which may be enforced by a single execution, first, by a sale of the mortgaged property, and second, by a levy upon and sale of other property of the judgment debtor for the deficiency 'under the same execution.' Our statute furnishes no warrant for the entry of two judgments [meaning a decree of foreclosure and a later deficiency judgment after the amount of the deficiency becomes known]."

The judgment is reversed and remanded, with directions to delete the last two decretal paragraphs.

SCHWELLENBACH, C. J., HILL, FINLEY, and OLSON, JJ., concur.