# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| BANK OF AMERICA, N.A., as successor by merger to LASALLE BANK, N.A., as trustee to WaMu Mortgage Pass-Through Certificates Series 2006-AR11 Trust, | ) ) ) ) ) ) |
| Respondent, | ) ) ) |
| v. | ) ) |
| CHRISTOPER L. SHORT, | ) ) |
| Appellant, | ) ) ) |
| WASHINGTON MUTUAL BANK; UNKNOWN PARTIES IN POSESSION; OR CLAIMING A RIGHT TO POSSESSION, and UNKNOWN OCCUPANTS; and DOES 1-10 inclusive, | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

No. 68545-7-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: September 23, 2013

GROSSE, J. — A trustee of an express trust is entitled to bring suit in its own name without joining the party for whose benefit the action is brought. When a new trustee succeeds the original trustee during the pendency of the litigation, the original trustee may continue the action unless otherwise ordered by the court. Because Bank of America, N.A., the original trustee, established that it was entitled to judgment as a matter of law, we affirm the order of summary judgment. However, we remand for Bank of America to comply with a local superior court rule requiring the filing of an original promissory note prior to judgment.

## FACTS

In June 2006, Christopher Short executed a promissory note in the amount of $294,000 to Washington Mutual Bank, F.A. (WaMu). The promissory note was secured by a deed of trust encumbering agricultural property in Deming, Washington. Short's loan was bundled into a securitized trust known as the WaMu Mortgage Pass-Through Certificates Series 2006-AR 11 Trust (Trust). A Pooling and Servicing Agreement (PSA) governs all aspects of the Trust. The original trustee of the Trust was LaSalle Bank, N.A. (LaSalle). In October 2007, LaSalle was succeeded as trustee by Bank of America, N.A. (Bank of America) following a merger. WaMu retained the servicing rights to Short's loan.

In September 2008, WaMu failed. It was seized by the federal government and placed into receivership with the Federal Deposit Insurance Corporation (FDIC). JPMorgan Chase Bank (Chase) acquired the vast majority of WaMu's assets, including the servicing rights to Short's loan. Chase also maintained physical possession of the original promissory note.

It is undisputed that Short defaulted on payments on the note in February 2009.

In March 2010, Chase assigned "all beneficial interest" in Short's note and deed of trust to Bank of America. In April 2010, Bank of America sued Short to foreclose on the property and for a deficiency judgment. The caption of the complaint designated the plaintiff as "Bank of America, NA as successor by merger

2

to LaSalle Bank NA, as Trustee to WaMu Mortgage Pass-Through Certificates Series 2006-AR 11 Trust."

In February 2011, U.S. Bank National Association (U.S. Bank) purchased Bank of America's mortgage trust business and succeeded Bank of America as the trustee of the Trust.

In April 2011, Bank of America moved for summary judgment. The caption for the motion now designated the plaintiff as "Bank of America, NA as successor by merger to LaSalle Bank NA, as Trustee to WaMu Mortgage Pass-Through Certificates Series 2006-AR 11 Trust, through their loan servicing agent JPMorgan Chase Bank, NA."

In support of its motion, Bank of America attached the affidavit of Araceli Urquidi. The affidavit stated, in pertinent part:

> Under penalty of perjury, the undersigned hereby declares as follows:
> 1.    I am over the age of 18 years and am not personally a party to this litigation. As to the following facts, I know them to be true of my own personal knowledge, and if called upon to testify in this action, I could and would testify competently thereto.
> 2.    I am a duly authorized agent and signer for Bank of America, NA as successor by merger to LaSalle Bank, NA, as Trustee to WaMu Mortgage Pass-Through Certificates Series 2006-AR 11 Trust, and its servicing agent JP Morgan Chase Bank, NA ("Plaintiff"). I am duly authorized to make this declaration on behalf of Plaintiff.
> 3.    As an agent for the Plaintiff, I am familiar with the manner and procedure by which loan records are obtained, prepared, and maintained. Those records are obtained, prepared, and maintained by employees or agents of the Plaintiff in the performance of their regular business duties at or near the time, act, conditions, or events recorded thereon. The records are made either by persons with knowledge of the matters they record or from information obtained by persons with

such knowledge. I have knowledge of and/or access to those records.
I personally reviewed those records when making this declaration.

. . . .

16.     The original promissory note evidencing Mr. Short's loan is in
the possession of Chase's loan record department, and is physically
located in Chase's secure warehouse in Monroe, Louisiana.

Attached to Urquidi's affidavit were copies of the note, the deed of trust, an affidavit

from an FDIC representative regarding the transfer of assets from WaMu to Chase,

and the assignment of the note and deed of trust from Chase to Bank of America.

The trial court granted summary judgment in favor of Bank of America. Short

appeals.

## ANALYSIS

We review a grant of summary judgment de novo, undertaking the same

inquiry as the trial court.[1]  Summary judgment is proper if, viewing the facts and

reasonable inferences most favorably to the nonmoving party, no genuine issues of

material fact exist and the moving party is entitled to judgment as a matter of law.[2]

The moving party has the initial burden to show that there is no genuine issue as to

any material fact.[3]  If the moving party satisfies its burden, only then does the burden

---

[1] Sheikh v. Choe, 156 Wn.2d 441, 447, 128 P.3d 574 (2006).
[2] CR 56(c); Versuslaw, Inc. v. Stoel Rives, LLP, 127 Wn. App. 309, 319-20, 111 P.3d 866 (2005).
[3] Hiatt v. Walker Chevrolet Co., 120 Wn.2d 57, 66, 837 P.2d 618 (1992).

shift to the nonmoving party to present evidence that material facts are in dispute.[4] If the nonmoving party fails to do so, then summary judgment is appropriate.

1.    Material Facts in Dispute

Short argues the trial court erred in granting summary judgment because the evidence did not show that Bank of America was the party with the authority to enforce the note and foreclose on the deed of trust. Specifically, Short contends that Chase was unable to assign "all beneficial interest" in Short's loan to Bank of America in 2010 because the Trust, not Chase, owned the loan.

"Every action shall be prosecuted in the name of the real party in interest."[5] The real party in interest is the party "who possesses the right sought to be enforced" under the substantive law.[6] A trustee of an express trust is authorized to bring suit on behalf of the trust as the party in interest.[7]

The uncontroverted evidence established that Short's loan was pooled with other loans and placed into the Trust. Through the PSA, the Trust became the owner of the loans and held the loans for the benefit of its investors. As such, the Trust, through its trustee, is entitled to bring suit against Short.[8]

---

[4] Vallandigham v. Clover Park Sch. Dist. No. 400, 154 Wn.2d 16, 26, 109 P.3d 805 (2005) (quoting Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co., 115 Wn.2d 506, 515-16, 799 P.2d 250 (1990)).
[5] CR 17(a).
[6] Sprague v. Sysco Corp., 97 Wn. App. 169, 176 n.2, 982 P.2d 1202 (1999).
[7] CR 17(a); see also Denny v. Cascade Platinum Co., 133 Wash. 436, 439-40, 232 P. 409 (1925).
[8] Bank of America argues that Chase, as the servicing agent for the loan, is also entitled to file suit to foreclose on the deed of trust. Because we find that Bank of America had the authority to file suit, we need not address this argument. See, e.g.,

Short correctly notes that Bank of America was the trustee of the Trust at the time the complaint was filed, but by the time the judgment was entered, U.S. Bank had succeeded Bank of America as trustee. He therefore requests that "all documents misidentifying plaintiff be rejected." But CR 25(c) provides that:

> In case of any transfer of interest, the action may be continued by or against the original party unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.

Substitution on grounds of transfer of interest is not mandatory.[9] And whether or not a transferee is made a party, it will be bound by an adjudication of the transferor's rights.[10] Therefore, pursuant to CR 25(c), Bank of America was entitled to maintain the action as the original party in interest.

2.    Admissibility of Evidence

Short argues that the trial court erred in admitting copies of the promissory note "that were . . . not original in contradiction to WCCR 54(c), RCW 56(e) [sic] and ER 1002." We review de novo all trial court rulings made in conjunction with a summary judgment motion.[11]

Whatcom County Civil Rule (WCCR) 54(c) reads: "No judgment shall be taken upon a negotiable instrument until the original instrument has been filed."

LaSalle Bank Nat'l Ass'n v. Lehman Bros. Holdings, Inc., 237 F.Supp.2d 618, 633 (D.Md. 2002) (the fact that the special servicer and the trustee "each have the authority to institute suit does not negate the right of [the trustee] to so act.")
[9] Stella Sales, Inc. v. Johnson, 97 Wn. App. 11, 17, 985 P.2d 391 (1999).
[10] Stella Sales, 97 Wn. App. at 17-18 (quoting Anderson & Middleton Lumber Co. v. Quinault Indian Nation, 79 Wn. App. 221, 227, 901 P.2d 1060 (1995)).
[11] Folsom v. Burger King, 135 Wn.2d 658, 663, 958 P.2d 301 (1998).

Bank of America argues that because it sued to foreclose on the property, rather than to collect on the note, WCCR 54(c) does not apply. This argument is unconvincing. As Short points out, Bank of America sued for a deficiency judgment. A deficiency judgment is a judgment on the note.[12] Because Bank of America sued for and obtained a judgment on the note, they were obligated to produce the original note. On remand, the original note shall be filed.

However, we reject Short's claim that the copy of note attached to Bank of America's summary judgment motion was inadmissible because it was not an original as required by ER 1002. A duplicate is admissible to the same extent as an

---

[12] As this court recently explained in Gardner v. First Heritage Bank, __ Wn. App. __, 303 P.3d 1065 (2013):

> Under chapter 61.12 RCW governing foreclosure of mortgages and personal property liens, a deficiency judgment "arises if the amount of a judgment in a judicial foreclosure exceeds the value of the security at the foreclosure sale." Boeing[Employees' Credit Union v. Burns, 167 Wn. App. 265, 282, 272 P.3d 908 (2012)]. Once obtained, a deficiency judgment is "similar in all respects to other judgments for the recovery of money. . . ." RCW 61.12.080; see Lassen v. Curtis, 40 Wn.2d 82, 86, 241 P.2d 210 (1952) ("In our opinion, a personal judgment for the amount due on a separate obligation entered as part of a decree of foreclosure of a mortgage given to secure such obligation, in effect amounts to a judgment over for the deficiency. . . ."). As in the mortgage foreclosure context, "deficiency judgment" under RCW 61.24.100 means a money judgment sought by a trust deed beneficiary (or other creditor) following a trustee's sale that fails to satisfy the obligation secured by the deed of trust. We conclude that a "deficiency judgment" for purposes of RCW 61.24.100's antideficiency provision means a money judgment against a debtor for a recovery of the secured debt measured by the difference between the debt and the net proceeds received from the foreclosure sale.

Gardner, 303 P.3d at 1071 (footnotes omitted).

original unless a genuine question is raised as to the authenticity of the original or it would be unfair to admit the duplicate in lieu of the original.[13] Short does not challenge the note's authenticity or otherwise articulate how he was prejudiced by the duplicate.[14]

Short also challenges the admissibility of the affidavit of Araceli Urquidi. Affidavits submitted as part of a summary judgment proceeding must be made on personal knowledge and show affirmatively that the affiant is competent to testify to what is in the affidavit.[15] If an affiant refers to documents outside the affidavit, sworn or certified copies of those documents must be attached or served with the affidavit.[16]

These requirements have been satisfied. Urquidi's affidavit states that she is an agent of Bank of America, that she is familiar with the means of preparation of loan records, and that she personally reviewed Short's loan documents. Attached to Urquidi's affidavit were copies of the note, the deed of trust, an affidavit from an FDIC representative regarding the transfer of assets from WaMu to Chase, and the

---

[13] ER 1003. Examples of situations in which it would be unfair to admit a duplicate include: (1) if portions of the original were excised or altered in the duplication process; (2) if the duplicate were illegible or inaudible; or (3) if the original had been intentionally and fraudulently destroyed by the party offering the duplicate. Braut v. Tarabochia, 104 Wn. App. 728, 732, 17 P.3d 1248 (2001). From the record it appears none of these situations are present here.

[14] Although Short alleges in his reply brief that Bank of America has somehow falsified the copy of the note it provided to the trial court, he provides no evidence in support of this claim.

[15] CR 56(e).

[16] CR 56(e).

8

assignment of the note and deed of trust from Chase to Bank of America. The trial court did not err in considering the affidavit.

Both Short and Bank of America request costs and/or attorney fees incurred in defending this appeal. However, neither cites authority warranting such an award. A request for attorney fees on appeal requires a party to include a separate section in his or her brief devoted to the request; this requirement is mandatory.[17] A "bald request for attorney fees on appeal" is insufficient; rather, argument and citation to authority are required under the rule to advise this court of the appropriate grounds for an award of attorney fees and costs.[18] As such, we deny the requests of both parties.

Affirmed and remanded for proceedings consistent with this opinion.

WE CONCUR:

---

[17] RAP 18.1(b); Phillips Bldg. Co. v. An, 81 Wn. App. 696, 705, 915 P.2d 1146 (1996).
[18] Thweatt v. Hommel, 67 Wn. App. 135, 148, 834 P.2d 1058 (1992); Austin v. U.S. Bank of Wash., 73 Wn. App. 293, 313, 869 P.2d 404 (1994).