**RESOLUTION TRUST CORPORATION, in its capacity as Conservator of Great American Federal Savings Association, Plaintiff,**

v.

**FREEWAY LAND INVESTORS, et al., Defendants.**

**No. Civ. 91–2107 PHX SMM.**

United States District Court, D. Arizona.

May 11, 1992.

---

Randy R. Kehrli, Morrison Hecker, Washington, D.C., Mark A. Nadeau, Paul

Edward Golab (argued), Morrison & Hecker, Phoenix, Ariz., for Resolution Trust Corp.

Jones Osborn, II, Anna Lorraine Durand, G. Murray Snow (argued), Meyer Hendricks Victor Osborn & Maledon, P.A., Phoenix, Ariz., for Freeway Land Investors, Wayne Taylor and Nora Taylor.

Ronald E. Warnicke, Warnicke & Littler, Phoenix, Ariz., for Ralph Watkins, Jr. and Patricia M. Watkins.

Janet B. Hutchison, Susan G. Wintermute, Robbins & Green, P.A., Phoenix, Ariz., for Hardesty Enterprises, George W. Hardesty, Aliene Hardesty, Lawrence D. Hardesty, Gail Hardesty, Bruce B. Hardesty and Mary Jane Hardesty.

Michael R. Scheurich, William L. Novotny, Mariscal Weeks McIntyre & Friedlander, P.A., Phoenix, Ariz., for Northern Equities Co., Hamilton–Lyons Co., Ricky J. Lyons, Inc., John R. Hamilton and Can Am Financial Corp.

## ORDER

McNAMEE, District Judge.

This action arises from Defendant Freeway Land Investors' default on a $2,500,000.00 promissory note secured by a junior trust on a piece of property near McDowell Road and 51st Avenue in Phoenix, Arizona (the subject property). On February 14, 1991, then-Plaintiff Great American Bank (Great American) brought this action in the Superior Court of the State of Arizona, in and for the County of Maricopa, seeking enforcement of the promissory note. The parties proceeded with the lawsuit in the Superior Court, and filed various motions. The Resolution Trust Corporation (RTC) was appointed as the receiver for Great American on October 25, 1991. The RTC subsequently substituted itself into the action and removed the action to the United States District Court for the District of Columbia. Soon afterward, that court transferred the case to this Court. At the time the RTC removed the action from the Superior Court, several motions and cross-motions for summary judgment were pending and had been argued before the Superior Court.

Although various motions remain pending, the parties have brought a single motion to the Court's attention at this time because that motion could dispose of the entire case. In the motion, Defendants Freeway Land, Wayne Taylor and Nora Taylor[1] seek summary judgment based on A.R.S. section 33–814, which they contend bars this action for enforcement of the note because the Plaintiff conducted a trustee's sale of the subject property and failed to commence a deficiency action within 90 days of the sale. The RTC contends the instant action, which was filed prior to the trustee's sale, is tantamount to a deficiency action and thus satisfies the requirements of section 33–814.

## FACTS

Defendant Freeway Land Investors (Freeway) executed a promissory note to Great American for $2,500,000.00 on March 24, 1986. On March 24, 1986, Freeway executed a deed of trust to two acres of the subject property as security for its performance under the note. Great American, the beneficiary under the deed of trust, recorded the deed of trust on March 25, 1986. Freeway also assigned its interests as the second beneficiary under a junior trust to the remainder of the subject property to Great American on March 24, 1986. The assignment of the interest under the junior trust gave Great American the right to foreclose on the assignment as it would a mortgage.[2] Great American recorded the assignment of interest under the junior trust on March 25, 1986. After receiving two extensions of the maturity date of the promissory note, Freeway defaulted on the note.

---

1. The Hardesty Defendants filed a notice of their joinder in the motion on October 25, 1991.

2. In light of the separate parcels securing the note, the Court questions whether A.R.S. section 33–814(B) has any application in this case even though the property secured by the second trust deed must be foreclosed as a mortgage. In light of the Court's ruling, however, the Court does not need to address this issue.

Great American commenced this action to enforce the note and foreclose on the interest under the junior trust on February 14, 1991. On July 1, 1991, the trustee held a trustee's sale on the two acres secured by the deed of trust. Great American purchased the two acres for a credit bid of $380,000.00. Great American did not commence a separate deficiency action after the sale, and did not amend its complaint specifically to seek a deficiency.

## DISCUSSION

A.R.S. section 33–814(D) states:

If no action is maintained for a deficiency judgment within [90 days of the trustee's sale], the proceeds of the sale, regardless of amount, shall be deemed to be in full satisfaction of the obligation and no right to recover a deficiency in any action shall exist.

"To 'maintain' an action is to uphold, continue on foot, and keep from collapse a suit already begun, or to prosecute a suit with effect." BLACK'S LAW DICTIONARY 859 (5th ed. 1979) (citing *George Moore Ice Cream Co. v. Rose*, 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265 (1933)). "To maintain an action or suit may mean to commence or institute it; the term imports the existence of a cause of action. Maintain, however, is applied to actions already brought, but not yet reduced to judgment." *Id.* (citing *Smallwood v. Gallardo*, 275 U.S. 56, 61, 48 S.Ct. 23, 23, 72 L.Ed. 152 (1927)).

The Plaintiff clearly "maintained" this action within 90 days of the trustee's sale. Thus, the only issue before the Court is whether the instant action to foreclose the property secured by the assignment under the junior trust and to recover on the promissory note, which was filed prior to the trustee's sale, constitutes an action for deficiency judgment within the meaning of A.R.S. section 33–814.

■ In *Baker v. Gardner*, 160 Ariz. 98, 770 P.2d 766 (1989), the Arizona Supreme Court considered the issue of whether a holder of a purchase-money security interest in residential property could waive its right to foreclose and instead sue on the note. Under A.R.S. sections 33–729(B) and 33–814(G), a holder of a purchase-money mortgage or deed of trust on two and one-half acres or less of residential property cannot recover a deficiency judgment after a foreclosure or trustee's sale. The court concluded a lawsuit to enforce the note effectively was a lawsuit to recover a deficiency: "In our view, the legislature would not have protected homeowners from deficiency judgments but still permitted the holder of a mortgage or deed of trust to obtain essentially the same result by waiving the security and bringing [an] action on the note." *Id.* at 101–02, 770 P.2d at 769–70. Therefore, the court held the creditor could not waive its security interest in the property and sue on the note. *Id.* at 104, 770 P.2d at 772.

■ The Court finds the same analysis of the relationship between an action on the note and an action for a deficiency judgment following a sale of the property applies in this case. If the Plaintiff had proceeded to judgment on the promissory note and then sold the properties in execution of the judgment, the amount of judgment left unsatisfied by the sales would constitute a deficiency. The Plaintiff would have a right to recover the deficiency based on the judgment already obtained. Thus, an action on the note and an action seeking a deficiency are one and the same. This conclusion finds further support in other Arizona cases and in A.R.S. section 33–814(C).

For instance, in *Faber v. Althoff*, 168 Ariz. 213, 812 P.2d 1031 (App.1990), the Arizona Court of Appeals noted the effect of a judgment in a foreclosure action "is to render a defendant liable for the full amount of the debt, not just the portion of the debt that will be satisfied from the proceeds of the sale of the property." *Id.* at 219, 812 P.2d at 1037.

The effect ... of a judgment in a foreclosure action is to render a judgment for the *full* amount of the debt, not just that portion of the debt that will be satisfied from the proceeds of the sale of the property.... If ... the named defendant is personally served or appears and the action is *in personam*, the court

would have personal jurisdiction to issue a general execution against the assets of the defendant other than the foreclosed property, should the special execution on the foreclosed property be insufficient to satisfy the judgment. The effect of the deficiency language in A.R.S. § 33–725 is to allow a plaintiff to obtain an *in personam* judgment in a proceeding to foreclose, which was historically an *in rem* proceeding, and to thereby authorize a court to award, in one proceeding, full equitable and legal relief....[3]

[B]ased on this reading of the statute, we reject defendants' argument that the remaining amount of the debt was "extinguished" by plaintiff's sale of the property under the writ of special execution.

*Id.* (emphasis in original). Although the court in *Faber* did not analyze section 33–814, the court recognized the right to bring an action on the note prior to the sale of the land and to recover the outstanding balance remaining after the sale of the land.

The court in *Faber* and the Arizona Supreme Court, in *Kries v. Allen Carpet, Inc.*, 146 Ariz. 348, 706 P.2d 360 (1985), reiterated the principle that

[t]echnically speaking, there is no such thing under our law as a "deficiency judgment" in the sense that a formal judgment of that description is rendered by the court, or entered by the clerk for the amount not made by the sale of the mortgaged property. There is only the original judgment for the full amount of the indebtedness, upon which a deficiency may exist after the issuance and return of the special execution, or even perhaps of one or more general executions in addition. It has nevertheless been customary in ordinary parlance to refer to the amount still due after the return of the special execution as a deficiency judgment...."

*Id.* at 349, 706 P.2d at 361 (quoting *Bank of Douglas v. Neel,* 30 Ariz. 375, 380–81,

247 P. 132, 134 (1926)); *Faber,* 168 Ariz. at 219, 812 P.2d 1031 (same quote). As with the Court of Appeals' discussion in *Faber,* the Arizona Supreme Court's discussion in *Kries* did not involve a trustee's sale. However, the courts' explanation of the relationship between an action on a note and a deficiency judgment has broad application. Both courts' discussions highlight the indistinguishable rights bound up in a deficiency action and a pre-sale action on a note.

Moreover, A.R.S. section 33–814(C) states:

The obligation of a person who is not a trustor to pay, satisfy or purchase all or a part of the balance due on a contract secured by a trust deed may be enforced, if the person has so agreed, in an action regardless of whether a trustee's sale is held. If, however, a trustee's sale is held, the liability of a person who is not a trustor for the deficiency is determined pursuant to subsection A of this section and any judgment for the deficiency against the person shall be reduced in accordance with subsection A of this section. If any such action is commenced after a trustee's sale has been held, it is subject, in addition, to the ninety day time limitations of subsections A and B of this section.

Because subsection C contains an explicit provision requiring application of the 90–day statute of repose to actions commenced against *non-trustors* after a trustee's sale, it implies the existence of a proper action on the note prior to a trustee's sale, and further implies such an action either satisfies or is not subject to the 90–day period of repose.

Based on the foregoing, the Court finds an action on the note is the same as an action on a deficiency, and satisfies the requirements of section 33–814 if commenced in a timely manner. Returning to the definition of "maintain," the Court further finds an action on the note, commenced prior to a trustee's sale, constitutes

**3.** The Court notes this language casts serious doubt on the arguments made in the Taylors' and Freeway Land's cross-motion for summary judgment dated July 19, 1991. *See also id.* at 220, 812 P.2d at 1038.

a timely action for deficiency within the meaning of section 33–814.

## CONCLUSION

IT IS ORDERED denying the motion for summary judgment based on A.R.S. section 33–814(D), which was filed in the Maricopa County Superior Court on October 18, 1991.