937 P.2d 356

**CITIBANK (ARIZONA), Plaintiff–
Judgment Creditor–Appellee,**

v.

**Choosin BHANDHUSAVEE and Rumbha
Bhandhusavee, husband and wife, Defen-
dants–Judgment Debtors–Appellants,**

and

**B.V. Rumbha, M.D., P.C.,
Garnishee–Appellant.**

**No. 1 CA–CV 95–0165.**

Court of Appeals of Arizona,
Division 1, Department D.

Nov. 5, 1996.

Review Denied May 20, 1997.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A. by Richard M. Lorenzen and Christopher Robbins, Phoenix, for Defendants/Judgment Debtors/Garnishee/Appellants.

Lewis and Roca, L.L.P. by Bret A. Maidman, Cathy M. Holt and Geoffrey H. Walker, Phoenix, for Plaintiff/Judgment Creditor/Appellee.

## OPINION

VOSS, Judge.

Appellants Choosin Bhandhusavee, Rumbha Bhandhusavee and B.V. Rumbha, M.D., P.C. (collectively, "defendant") appeal from the trial court's order granting appellee Citibank (Arizona) ("Citibank") a continuing lien on defendant's nonexempt earnings pursuant to the garnishment statutes. *See generally* Ariz.Rev.Stat. Ann. ("A.R.S.") § 12–1598.10. The only issue raised on appeal is whether Citibank was time-barred from seeking garnishment on the remaining balance of the underlying judgment for the debt because it failed to pursue the deficiency between the secured indebtedness and the sales proceeds from the real property securing the indebtedness pursuant to the requirements of A.R.S. section 33–814. Because we conclude that A.R.S. section 33–814 does not bar enforcement of the judgment by garnishment, we affirm the trial court's order.

## Procedural Background

In October 1990, Citibank obtained a judgment against defendant in the amount of $2,100,812.42, after the parties entered into a settlement agreement regarding defendant's indebtedness to Citibank that was secured by deeds of trust on two parcels of commercial real property. Pursuant to the terms of both the judgment and the settlement agreement, trustee's sales of the properties were completed in 1991. After the net proceeds from the trustee's sales were credited to the amount of the judgment, defendant remained indebted to Citibank in the amount of $984,-066.96. Citibank did not pursue a new action to recover a "deficiency judgment" within ninety days after the sale or foreclosure of property under a trust deed. *See generally* A.R.S. § 33–814(A). However, in 1994, Citibank applied for a writ of garnishment for the amount still owing on the 1990 judgment. *See generally* A.R.S. § 12–1598.03.

Defendant objected to the garnishment on the basis that, because Citibank did not timely seek a deficiency judgment within ninety days after the trustee's sale as required by A.R.S. section 33–814(A), the balance of the debt was deemed satisfied pursuant to A.R.S. section 33–814(D). The trial court overruled defendant's objection, and ordered a continuing lien on defendant's nonexempt earnings for the amount of the balance due on the 1990 judgment. Defendant timely appealed.

## Discussion

### A. *Standard of Review*

██ This case requires interpretation of the stipulated judgment and the parties' settlement agreement as well as statutory interpretation of the requirements of A.R.S. section 33–814. Both are questions of law that require our *de novo* review. *Arizona Biltmore Estates Ass'n v. Tezak,* 177 Ariz. 447, 448, 868 P.2d 1030, 1031 (App.1993) (construction of contracts); *Valley Nat'l Bank v. Kohlhase,* 182 Ariz. 436, 438, 897 P.2d 738, 740 (App.1995) (statutory interpretation).

### B. *Analysis*

The 1990 stipulated judgment provided that Citibank have judgment against defendant in the amount of $2,100,812.42, with interest; that the entry of the judgment was stipulated by the parties in accordance with the terms of the settlement agreement; and that "entry of this Judgment shall not be deemed under any circumstances to create any merger of title or interest" with the original promissory notes described in the complaint.

The settlement agreement included the following relevant terms:

1. That defendant stipulated to entry of judgment in the superior court action;

2. That Citibank agreed not to execute on the judgment for a period of 270 days from the date of execution of the agreement on one property and to accept minimum payments on the other property to allow defendant an opportunity to sell the secured property; that any "net proceeds received by Citibank will be promptly credited against the Judgment amount";

3. That Citibank would execute a release of its liens on the property as the lots were sold after Citibank received the minimum proceeds of the sale;

4. That execution of the agreement and entry of the judgment would "not create under any circumstances any merger of title or interest among the Judgment, the First Note, the Second Note, and the Third Note"; and

5. That if defendant did not sell the one secured property within the 270 days from execution of the agreement or failed to make the minimum payments on the other secured property, "Citibank may foreclose in any manner it deems appropriate and pursue an action for any deficiency that may exist."

Defendant objected to Citibank's application for a writ of garnishment based on defendant's contention that the judgment and agreement required Citibank to pursue its option to "foreclose" and "pursue an action for any deficiency that may exist" within ninety days after the trustee's sale under the provisions of A.R.S. section 33–814.

The statutory provisions for recovery of a deficiency after sale of property under a deed of trust require (1) that "within ninety days after the date of sale of trust property under a trust deed pursuant to § 33–807, an action may be maintained to recover a deficiency judgment against any person directly, indirectly or contingently liable on the contract for which the trust deed was given as security," A.R.S. § 33–814(A); and (2) that if no such action is maintained for a deficiency judgment within the ninety days, "the proceeds of the sale, regardless of amount, shall be deemed to be in full satisfaction of the obligation and no right to recover a deficien-

cy in any action shall exist," A.R.S. § 33–814(D). An exception to these requirements is also provided:

The obligation of a person who is not a trustor to pay, satisfy or purchase all or a part of the balance due on a contract secured by a trust deed may be enforced, *if the person has so agreed*, in an action regardless of whether a trustee's sale is held. If, however, a trustee's sale is held, the liability of a person who is not a trustor for the deficiency is determined pursuant to subsection A of this section and any judgment for the deficiency against the person shall be reduced in accordance with subsection A of this section. *If any such action is commenced after a trustee's sale has been held, it is subject, in addition, to the ninety day time limitations* of subsections A and B of this section.

A.R.S. § 33–814(C)(emphasis added).

In rejecting defendant's objection that Citibank's remedy was time-barred by A.R.S. section 33–814, the trial court gave several reasons. First, the terms of the agreement providing that Citibank would delay execution on the judgment to allow defendant an opportunity to sell the property "implicitly if not explicitly, establish Citibank's right to execute on the Judgment, after all net proceeds are credited against the Judgment." Furthermore, the agreement provided that the proceeds of the lot sales were to be credited against the amount of the judgment; thus, "[t]he parties contemplated that a deficiency and the right to collect any deficiency existed. If no such right existed, there would have been no need to 'credit' the funds received from the sale." Second, the provision of the agreement allowing Citibank to "pursue an action" for a deficiency could be interpreted to include the filing of the garnishment action. Third, the purposes of requiring a deficiency action subsequent to the trustee's sale under A.R.S. section 33–814 did not apply in this case because the amount of the judgment was already known by defendant:

The purpose of the A.R.S. § 33–814 deficiency action is to determine the difference between the amount owed to plaintiff as determined by the Court and the fair mar-

ket value of the trust property, or the sale price at the trustee sale. If both of these figures are known, there would be no need to bring a deficiency action. In this case, the amount owed by Defendant to Plaintiff was previously determined in the settlement Agreement and therefore is a known amount. If the amount owed to Plaintiff was unknown, i.e., if no complaint had been filed or if no final judgment or agreement had been reached as to the complaint, this figure would be unknown and therefore the deficiency action would become necessary. A.R.S. § 33–814 requires that action to determine an unknown amount be maintained within 90 days after the date of sale of the trust property.

■ For those reasons, the trial court concluded that Citibank was not precluded by A.R.S. section 33–814 from seeking garnishment to collect the balance remaining on the 1990 judgment. We agree with the trial court's conclusions, based both on construction of the stipulated judgment and on statutory interpretation.

Defendant's objection fails for the simple reason that this garnishment action is brought to enforce an existing judgment, not to recover a deficiency based on a deed of trust in a new action, commenced after the trustee's sale, to recover a debt. Defendant concedes that the judgment and the deeds of trust securing the promissory notes did not "merge," but that the indebtedness was represented "simultaneously by both the notes (and guarantees) and a judicial decree." Defendant also concedes that the net proceeds from the sale of the trust property were properly credited to the amounts due under the judgment. However, defendant construes the judgment to limit Citibank to the option of either executing on the judgment and waiving its security interest in the property, or foreclosing on the property and bringing a deficiency action pursuant to A.R.S. section 33–814 within ninety days of the trustee's sale. We find no such limitation in the terms of the stipulated judgment.[1]

The parties did not provide for release of the judgment with less than full payment or for merger of title or interest between the judgment and the secured notes. Nor do we find any ambiguity in the clause providing that Citibank could "pursue an action" to recover any deficiency remaining after the trustee's sale. Our statutory scheme provides several alternatives for enforcing a judgment, including attachment, A.R.S. section 12–1521, execution, A.R.S. section 12–1551, and garnishment, A.R.S. section 12–1571. The 1990 judgment did not limit Citibank's remedies to collect the full amount of the indebtedness established by that judgment to those provided in A.R.S. section 33–814.

■ This court has previously noted the confusion that arises under foreclosure law regarding the nature of a "deficiency judgment":

> Technically speaking, *there is no such thing under our law as a "deficiency judgment"* in the sense that a formal judgment of that description is rendered by the court, or entered by the clerk for the amount not made by the sale of the mortgaged property. *There is only the original judgment for the full amount of the indebtedness, upon which a deficiency may exist* after the issuance and the return of the special execution. . . .

*Faber v. Althoff,* 168 Ariz. 213, 219, 812 P.2d 1031, 1037 (App.1990), quoting *Bank of Douglas v. Neel,* 30 Ariz. 375, 380–81, 247 P. 132, 134 (1926) (emphasis added in *Faber*). The effect of the 1990 judgment in this case was to render defendant liable personally, after an *in personam* rather than an *in rem* proceeding, for the full amount of the indebtedness in the stipulated judgment. *See Faber,* 168 Ariz. at 219–20, 812 P.2d at 1037–38. Under those circumstances, it is not necessary for a creditor to bring a second action for the same liability as that established by the existing judgment simply because the proceeds from the secured collateral were insufficient to extinguish the indebtedness. *See Valley Nat'l Bank v. Kohlhase,* 182 Ariz.

---

1. Furthermore, the statutory scheme does not require such an election of remedies in this case. *See Mid Kansas Fed'l Sav. & Loan Ass'n v. Dynamic Dev. Corp.,* 167 Ariz. 122, 127, 804 P.2d

1310, 1315 (1991) (A.R.S. § 33–722 election of remedies provisions do not apply to deeds of trust foreclosed by trustee's sale).

436, 439, 897 P.2d 738, 741 (App.1995) ("The legislature did not intend to free trustors from deficiency liability if the creditor filed an action on the debt before the trustee's sale"; a second action for deficiency after trustee's sale is not required where creditor had already brought an action on the note prior to trustee's sale); *Resolution Trust Corp. v. Freeway Land Investors,* 798 F.Supp. 593, 595 (D.Ariz.1992) (action to recover on promissory note, brought before trustee's sale, constituted "an action for deficiency judgment" timely brought within meaning of A.R.S. § 33–814). We agree with the *Freeway Land Investors* court's interpretation of Arizona law on this point:

> If the Plaintiff had proceeded to judgment on the promissory note and then sold the properties in execution of the judgment, the amount of judgment left unsatisfied by the sales would constitute a deficiency. The Plaintiff would have a right to recover the deficiency based on the judgment already obtained. Thus, an action on the note and an action seeking a deficiency are one and the same.

*Id.*

That is exactly what happened in this case. Citibank enforced the 1990 judgment by trustee's sale of the property, as the terms of the settlement agreement allowed it to do, and then credited the net proceeds of the sale against the outstanding indebtedness, as the terms of the settlement agreement required. Its current attempt to further satisfy the 1990 judgment by garnishment is a continuing enforcement action on the original judgment to recover the balance remaining, not a new action for a "deficiency judgment" impermissibly initiated more than ninety days after the trustee's sale.

Additionally, this result is consistent with this court's interpretation of A.R.S. section 33–814 as not requiring a second action to be filed under circumstances similar to these. *See Kohlhase,* 182 Ariz. at 439, 897 P.2d at 741. In *Kohlhase,* we interpreted the re-

quirement in A.R.S. subsection 33–814(A), that an action to recover a deficiency must be "maintained" within ninety days after a trustee's sale, to include "actions brought prior to a trustee's sale." *Id.* We found this consistent with the provisions of A.R.S. subsection 33–814(C), which allow a non-trustor [2] to incur liability on the entire amount of the debt regardless of the trustee's sale, if that person so agrees, and we concluded that a creditor need not pursue "a separate, second lawsuit, the net effect of which would be exactly the same as an action initiated before the trustee's sale." *Id.* Although subsection A required interpretation of the word "maintained" while subsection C uses the word "commenced," we apply the same rationale. In this case, the existing judgment was obtained through an action "commenced" before the trustee's sale—the original action on the debt through which the judgment was obtained. Therefore, under the provisions of A.R.S. section 33–814(C), the ninety day limitation did not bar this garnishment action. For the same reasons as we stated in *Kohlhase,* we conclude that A.R.S. section 33–814 did not require Citibank to file a second action to obtain a "deficiency judgment" within ninety days after the trustee's sale. The trial court therefore properly overruled defendant's objection to the application for a writ of garnishment in this case.

## Conclusion

For the foregoing reasons, we affirm the trial court's order imposing a continuing lien again defendant's nonexempt earnings. Each party shall bear its own attorneys' fees on appeal.

SULT, P.J., and EHRLICH, J., concur.

---

2. At oral argument in this court, the parties disputed whether defendant executed the deeds of trust as a "trustor." We find that dispute irrelevant because the liability at issue in this case is defendant's liability as established by the 1990 judgment and settlement agreement which

was imposed against "Defendants Choosin and Rumbha Bhandhusavee individually and as husband and wife and as a community obligation." Thus, A.R.S. § 33–814(C) clearly applies to defendant as a non-trustor in this case.