NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

FIRST FINANCIAL BANK, N.A., *Plaintiff/Appellee,*

*v.*

THEODORE F. CLAASSEN, *Defendant/Appellant.*

No. 1 CA-CV 16-0261
FILED 5-23-2017

Appeal from the Superior Court in Maricopa County
No.  CV2010-032991
The Honorable Jo Lynn Gentry, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Minkin & Harnisch PLLC, Phoenix
By Ethan B. Minkin, Andrew A. Harnisch
*Counsel for Plaintiff/Appellee*

Brooks & Affiliates PLC, Mesa
By David Paul Brooks, Spenser W. Call
*Counsel for Defendant/Appellant*

---

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Kent E. Cattani joined.

---

**K E S S L E R**, Judge:

¶1 Appellant Theodore F. Claassen challenges the trial court's judgment finding him personally liable for a deficiency of $205,273.34, arguing that the judgment violates an earlier mandate from this Court. We find that the judgment is consistent with our mandate and therefore affirm with modifications explained below.

## FACTUAL AND PROCEDURAL HISTORY

¶2 We state the facts relevant to this appeal below. Additional background can be found in our earlier opinion, *First Financial Bank, N.A. v. Claassen*, 238 Ariz. 160 (App. 2015).

¶3 First Financial Bank, N.A. ("First Financial"), as successor in interest to Irwin Union Bank F.S.B., sued Claassen for breach of a $5.5 million construction loan agreement and sought to judicially foreclose on Claassen's unfinished home. At that time, the unpaid loan balance exceeded $3 million. Claassen counterclaimed against First Financial for breach of the loan agreement, breach of the covenant of good faith and fair dealing, and fraud. The case proceeded to a bench trial, but Claassen did not appear at trial. By that time, the outstanding loan balance exceeded $3.9 million.

¶4 The trial court entered judgment for First Financial in Claassen's absence, finding that Claassen had breached the loan agreements, that First Financial was entitled to judicial foreclosure, and that Claassen was personally liable for non-purchase money obligations totaling $1,119,676.67. The court also determined that the property had a fair market value of $710,000 and ordered that, "[u]pon the conclusion of a judicial foreclosure sale of the Property, all amounts in excess of $710,000 shall be credited to . . . Claassen by deducting those excess amounts from the $1,119,676.67 deficiency judgment." The court also awarded First Financial $255,753.72 in attorneys' fees and costs.

¶5 Claassen moved for a new trial, arguing First Financial was not entitled to recover any deficiency amount from him personally. *See* Ariz. Rev. Stat. ("A.R.S.") § 33-729(A) (2014).[1] The court denied Claassen's motion, which led to his first appeal (the "First Appeal"). While the First Appeal was pending, First Financial obtained a writ of special execution and sold the property at a sheriff's sale for $1,248,141.11.

¶6 In the First Appeal, this Court found that the trial court erred in calculating the deficiency amount, reduced the amount to $205,273.34, and remanded for entry of judgment "consistent with this determination." *First Financial*, 238 Ariz. at 164-65, ¶¶ 22-24. We also reversed the fee and cost awards "for reconsideration in light of our opinion" but affirmed the remainder of the judgment. *Id*. at 165, ¶ 24.

¶7 Upon issuance of our mandate, Claassen moved to amend the earlier judgment, arguing that our reduction of the deficiency amount entitled him to reimbursement as follows:

| | |
|---|---|
| Sheriff's Sale Proceeds: | $1,248,141.11 |
| Minus Fair Market Value: | $710,000.00 |
| "Excess" Proceeds: | $581,141.11 |
| Minus New Deficiency Amount: | $205,273.34 |
| Reimbursement to Claassen: | $332,867.77 |

Claassen also requested exoneration of his cost bond and attorneys' fees and costs under A.R.S. §§ 12-341 (2017) and 12-341.01(A) (2013). First Financial opposed Claassen's motion, arguing that the simplest way to implement the mandate would be "to enter judgment against [Claassen] in the lower deficiency amount of $205,273.34." First Financial also argued that the reduced deficiency amount did not "impact the ability of the Sale Price to satisfy the Judgment," which totaled more than $3 million.

¶8 The trial court agreed with First Financial and entered judgment against Claassen personally for $205,273.34 (the "New

---

[1] We cite to the current version of statutes unless changes material to this decision have occurred.

Judgment"). The court also renewed its earlier fee award in favor of First Financial. Claassen timely appealed, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) (2011).

## DISCUSSION

I.     The New Judgment Complied with the First Appeal Mandate

**¶9**        Claassen contends the New Judgment violated our First Appeal mandate. Our mandate and the opinion it implemented are binding on the trial court and enforceable according to their true intent and meaning. *Raimey v. Ditsworth*, 227 Ariz. 552, 555, ¶ 6 (App. 2011) (quoting *Vargas v. Superior Court*, 60 Ariz. 395, 397 (1943)). We review whether the court followed our mandate de novo. *In re Marriage of Molloy*, 181 Ariz. 146, 149 (App. 1994). If possible, we will construe the New Judgment in a manner that supports rather than destroys it. *Title Ins. Co. of Minn. v. Acumen Trading Co.*, 121 Ariz. 525, 526 (1979) (citation omitted).

**¶10**        Claassen contends the New Judgment did not comply with our mandate because it did not include the earlier judgment's provision stating that "all amounts in excess of $710,000 shall be credited to . . . Claassen." Claassen ignores the context in which that language appeared:

> *Upon the conclusion of a judicial foreclosure sale of the Property*, all amounts in excess of $710,000 shall be credited to . . . Claassen by deducting those excess amounts from the $1,119,676.67 deficiency judgment.

(emphasis added). When read in full, this provision is consistent with the foreclosure statutes, which state that "[a]ny sale of real property to satisfy a judgment under [A.R.S. § 33-725] . . . shall be a credit on the judgment in the amount of either the fair market value of the real property or the sale price of the real property at sheriff's sale, whichever is greater." A.R.S. §§ 33-725(B) (2017), 33-727(B) (2017).[2] It also was written before the foreclosure

---

[2]        Claassen also contends that A.R.S. § 33-725 does not apply because First Financial brought its judicial foreclosure claim under A.R.S. § 33-729(A). First Financial's complaints cited A.R.S. §§ 33-721 and 33-725, not 33-729(A). In any event, A.R.S. § 33-729(A) does not create a separate cause of action from A.R.S. § 33-721 or A.R.S. § 33-725; it offers protection to residential borrowers who incur purchase money obligations. *Mid-Kansas Fed. Sav. & Loan Ass'n of Wichita v. Dynamic Dev. Corp.*, 167 Ariz. 122, 127 (1991)*; see N. Ariz. Props. v. Pinetop Props. Grp.*, 151 Ariz. 9, 13 (App. 1986)

sale took place. As noted above, First Financial completed the sale before our mandate issued, rendering this provision superfluous on remand.

¶11 Once a case is remanded, the trial court may address any issues not resolved by the mandate. *Cyprus Bagdad Copper Corp. v. Ariz. Dep't of Revenue*, 196 Ariz. 5, 7, ¶ 7 (App. 1999) (citation omitted). The trial court did so here by crediting the full amount First Financial received in the sheriff's sale ($1,248,141.11) against the full indebtedness ($3,056,144.59), leaving an outstanding indebtedness of $1,808,003.48. This approach was consistent with the foreclosure statutes quoted above because the sale price exceeded the property's fair market value. A.R.S. §§ 33-725(B), 33-727(B); *see Valley Nat. Bank of Ariz. v. Kohlhase*, 182 Ariz. 436, 440 (App. 1995) (citation omitted) ("If a sale of underlying security partially satisfies the debt, the court should reduce the balance owed on the judgment accordingly"). The court then entered judgment against Claassen personally for $205,273.34, the amount we determined was a proper deficiency in the First Appeal. *First Financial*, 238 Ariz. at 165, ¶ 24. As the remaining indebtedness far exceeded the new deficiency amount, we see no error in the court's application of the sale proceeds or its determination regarding the deficiency amount. *See Citibank (Ariz.) v. Bhandhusavee*, 188 Ariz. 434, 437 (App. 1996) (emphasis omitted and added) (quoting *Faber v. Althoff*, 168 Ariz. 213, 219 (App. 1990)) (stating that, in a judicial foreclosure action, "[t]here is only the original judgment for the full amount of the indebtedness, upon which a deficiency may exist *after the issuance and the return of the special execution*").

II.     The New Judgment did not Violate the Merger or Law of the Case Doctrines

¶12 Claassen next contends that the New Judgment violated the merger doctrine, under which a claim that has been reduced to judgment is merged into the judgment and becomes a new debt. *Goglia v. Bodnar*, 156 Ariz. 12, 19 (App. 1987) (citing *Nelson v. Nelson*, 91 Ariz. 215, 218 (1962)). This doctrine bars a plaintiff from bringing a new action on any part of his original claim. Restatement (Second) of Judgments § 18(1) (1982). First Financial did not file a new action; it instead obtained a revised judgment consistent with the First Appeal mandate. *First Financial*, 238 Ariz. at 165, ¶ 24. The merger doctrine thus does not apply.

_____

(stating that, "when the election is made to foreclose a deed of trust as a mortgage," the entirety of chapter 6 of title 33 (A.R.S. §§ 33–701 et seq.) applies).

¶13     Claassen also argues that the New Judgment was contrary to the law of the case set forth in the First Appeal.  Under the law of the case doctrine, an appellate decision is binding on the points presented in all subsequent proceedings in both trial and appellate courts if "the facts and issues are substantially the same as those on which the first decision rested."  *Ziegler v. Superior Court*, 134 Ariz. 390, 393 (App. 1982) (citation omitted).  Here, the facts were not substantially the same because the sheriff's sale took place before we issued our mandate.  As explained above, the trial court properly credited the full amount First Financial realized from the sale against the total indebtedness.

¶14     Claassen also contends that First Financial drafted the earlier judgment and therefore is bound by its terms.  Claassen cites no authority for this argument; we therefore do not consider it.  *Navajo Nation v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 339, 346, ¶ 27 (App. 2012) (citation omitted).

III.    The Trial Court did not Abuse its Discretion in Awarding First Financial Attorneys' Fees and Costs

¶15     Claassen next challenges the trial court's decision to renew its fee award to First Financial.  We review a fee award under A.R.S. § 12-341.01(A) for an abuse of discretion and review the record in the light most favorable to upholding the award.  *In re Indenture of Trust Dated January 13, 1964*, 235 Ariz. 40, 51, ¶ 41 (App. 2014) (citation omitted).  To find an abuse of discretion, the record must be void of evidence to support the award or the court's reasoning must be clearly untenable, legally incorrect, or amount to a denial of justice. *Charles I. Friedman, P.C. v. Microsoft Corp.*, 213 Ariz. 344, 350, ¶ 17 (App. 2006) (citations and quotations omitted).

¶16     We vacated the trial court's prior fee award "for reconsideration in light of our opinion."  *First Financial*, 238 Ariz. at 165, ¶ 22.  Claassen argues that First Financial offered no support for its fee claim following remand.  But First Financial filed a fee application before the First Appeal that Claassen did not oppose.  Claassen offers no legitimate reasons why the trial court should not have reviewed the prior fee application in reconsidering its fee award.  Moreover, we did not disturb the trial court's findings that First Financial prevailed on each of its claims.  *Id.* at 165, ¶ 24.  The record therefore reasonably supported the renewed fee award.

¶17     Claassen also argues the fees were excessive because First Financial could have pursued non-judicial foreclosure.  He waived that issue by failing to oppose First Financial's fee application. *Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994) (citations omitted).

IV.     First Financial may Recover Reasonable Attorneys' Fees and Costs Incurred in this Appeal

¶18     First Financial requests its attorneys' fees incurred in this appeal pursuant to the parties' loan agreement.  Generally, we enforce a contractual attorneys' fees provision according to its terms. *Rand v. Porsche Fin. Servs.*, 216 Ariz. 424, 435, ¶ 42 (App. 2007) (citation omitted).  We retain discretion, however, to limit the award to a reasonable amount. *McDowell Mountain Ranch Cmty. Ass'n, Inc. v. Simons*, 216 Ariz. 266, 270, ¶ 16 (App. 2007) (citation omitted).

¶19     The loan agreement provides:

> Borrower agrees to pay upon demand all of Lender's expenses, including without limitation attorneys' fees, incurred in connection with the preparation, execution, enforcement, modification and collection of this Agreement or in connection with the loans made pursuant to this Agreement. . . . This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, . . . including attorneys' fees for bankruptcy proceedings, . . . appeals, and any anticipated postjudgment collection services.  Borrower also will pay any court costs, in addition to all other sums provided by law.

We will award First Financial reasonable attorneys' fees and costs incurred in this appeal upon compliance with Arizona Rule of Civil Appellate Procedure ("ARCAP") 21.  We deny Claassen's fee requests.

V.      The Trial Court Failed to Account for Claassen's First Appeal Cost Award

¶20     Finally, Claassen asks us to order the trial court to implement our First Appeal cost award in his favor and exonerate his supersedeas bond, which was filed before the First Appeal**.**  We awarded Claassen $441 in costs as the prevailing party in the First Appeal.  *First Financial*, 238 Ariz. at 165, ¶ 23.  The trial court did not include these costs in the New Judgment.  We therefore will modify the New Judgment to reflect our First Appeal cost award.  Exoneration of the supersedeas bond should be taken up with the trial court at the close of this appeal.  *See* ARCAP 7(a)(1)(A) (supersedeas bond "stays enforcement of . . . a judgment while an appeal is pending").

**CONCLUSION**

**¶21** We affirm the New Judgment as modified to grant Claassen $441 representing his cost award from the First Appeal. We award First Financial its reasonable attorneys' fees and costs upon timely compliance with ARCAP 21.

